UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-172-JMH

KEITH R. GUY,                                                                                          PETITIONER

V.            **MEMORANDUM OPINION AND ORDER**

GARY BECKSTROM, Warden,                                                              RESPONDENT

\* \* \* \* \*

### I. INTRODUCTION

On June 8, 2007, petitioner Keith R. Guy, *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, concerning his conviction in Fayette Circuit Court on or about April 12, 2002. On October 1, 2007, the respondent filed his answer to the petition.[1] Subsequently, on petitioner's motion to amend and/or supplement his habeas petition [Record No. 20], petitioner was permitted to file an amended habeas petition [Record No. 25], which was filed on March 17, 2009.[2]

In accordance with local practice, this matter was referred to the Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b). See Rule 10, Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 72(b).

On December 21, 2009, U.S. Magistrate Judge James B. Todd entered his Proposed Findings of Fact and Recommendation herein, recommending that the habeas petition be denied and that this matter be dismissed. [Record No. 32]. Petitioner filed objections to the Magistrate Judge's report

---

[1] Along with his Answer and response to habeas petition, the Respondent also filed an Appendix (hereafter "A") consisting of (1) relevant portions of the state court record, (2) his direct appeal brief filed in the Kentucky Supreme Court, (3) the opinion of the Kentucky Supreme Court affirming his conviction on direct appeal, and (3) the opinion of the Kentucky Court of Appeals affirming the trial court's denial of his RCr 11.42 motion.

[2] Pursuant to Rule 8(a) of the Rules Governing Title 28 Section 2254 cases in the United States District Courts, motions for summary judgment are not required in habeas corpus proceedings. McBride v. Sharpe, 25 F.3d 962 at 967-971 and 973 (11th Cir. 1994) (en banc), cert. denied, 115 S.Ct. 498 (1994).

and recommendation, the court considered said objections, and by Order of January 15, 2010, the court found no merit to any of petitioner's objections, save one, and remanded this matter to the Magistrate Judge for further consideration. The rationale for the court's decision to remand this matter to the Magistrate Judge is set out below:

> As for Petitioner's claim that there was not probable cause for the search warrant authorizing a search of his person, the Magistrate Judge incorrectly concluded that Petitioner failed to raise this claim in the Kentucky state courts. [Record No. 32 at 11]. In his brief filed on June 8, 2006, with the Kentucky Court of Appeals, Petitioner argued that "the affidavit fails to state a probable cause for issuance of the search warrant for seizure of Apppellent's [sic] BLOOD." [Record No. 15, Pt. 8, p. 1, emphasis in original]. Petitioner goes on the argue that false and insufficient information was used to secure the search warrant. It is clear from Petitioner's brief that he did, in fact, raise his Fourth Amendment claim in the Kentucky state courts. The undersigned will refer this matter back to the Magistrate Judge solely for the purpose of issuing findings of fact and recommendations as to Petitioner's Fourth Amendment claim.

Order, page 4, 1/15/2010 [Record No. 36].

However, for the reasons stated in the Order of June 29, 2010, the reference of this matter to the Magistrate Judge was withdrawn, and this matter is presently before the court for consideration of petitioner's Fourth Amendment claim, the only claim raised in the habeas petition that remains unresolved.

## II. PETITIONER'S FOURTH AMENDMENT CLAIM

Petitioner claims that his Fourth Amendment rights against unreasonable search and seizure were violated when a blood sample was taken from him without his consent or a search warrant.

In considering this claim, the court notes that on November 15, 1999, a judge of the Fayette District Court signed a search warrant which authorized Detective A. Gutierrez to search the premises at 268 East Fourth Street and/or petitioner's person and authorized the seizure of the following items:

> Hairs, fibers, body fluids, living room sofa cushions and any part of that sofa that may contain physical evidence of sexual conduct. Any clear plastic drinking cups and liquor bottles (MD 20/20 and E & J). Any and all other items indicating sexual conduct.

Search Warrant (attached to respondent's answer at Appendix 7) (Record No. 15).

2

Pursuant to this warrant, hair and bodily fluids, including blood, were taken from the petitioner at Samaritan Hospital in Lexington, Kentucky.

Prior to trial, petitioner moved to exclude the DNA and blood test evidence on the grounds that said evidence was obtained illegally because the search warrant was defective. The trial court conducted a suppression hearing and then denied petitioner's motion to suppress/exclude the DNA and blood test evidence. *See* Order dated December 8, 2005 (attached to respondent's answer at Appendix 8) (Record No. 15).

In appealing the denial of his RCr 11.42 motion, petitioner claimed that he had received ineffective assistance of counsel, in part because his counsel failed to challenge the DNA and blood test evidence obtained by a search warrant that was issued based on a defective search warrant affidavit. Specifically, petitioner argued on appeal that the search warrant affidavit failed to establish probable cause for the issuance of a search warrant authorizing seizure of his blood. The Kentucky Court of Appeals considered this claim as a component of petitioner's multiple claims of ineffective assistance of counsel and rejected this claim for the reasons stated below:

> B. Failure to Appropriately Address DNA and Blood Test Evidence
>
> Guy states that the affidavit used by the detective to obtain the search warrant was defective and that any evidence obtained with that warrant should have been excluded. Guy argues that his counsel did not challenge the admission of that evidence. However, the record belies Guy's complaints as his counsel challenged admission of the DNA and blood test evidence during the hearing on his motion to dismiss and at the hearing on his motion to exclude/motion in limine. Again, we note that the trial court did not rule in Guy's favor; however, that ruling was issued over the well-argued motions presented by Guy's counsel, and we perceive no deficiency by Guy's counsel.

Keith R. Guy v. Commonwealth of Kentucky (No. 2005-CA-002588-MR), June 1, 2007, at page 9 (attached to respondent's answer at Appendix 1) (Record No. 15).

Thus, there can be no dispute that the trial court issued a search warrant for the premises at the scene of the alleged crime, 268 East Fourth Street, and/or petitioner's person, authorizing the seizure of "[h]airs, fibers, body fluids, . . ." from the premises and/or petitioner. Petitioner is technically correct that the search warrant did not specifically authorize the seizure of a blood

3

sample; however, the search warrant does authorize the seizure of body fluids, which necessarily would include one's blood, since blood is a bodily fluid. Consequently, the court is unpersuaded by petitioner's argument that the search warrant did not authorize the seizure of a blood sample from him.

Turning now to the question of whether the underlying search warrant affidavit was defective and failed to establish probable cause for the issuance of the search warrant, the court has also examined the Affidavit In Support of and Petition for Search Warrant presented to the Fayette District Court on November 15, 1999, by Police Detective A. L. Gutierrez. In this affidavit, Detective Gutierrez stated that she interviewed the victim on November 14, concerning the victim's interaction with the petitioner the previous day. Detective Gutierrez also stated that acting on the information she obtained from the victim as to the events of the previous day, she then conducted an independent investigation and that based on that investigation, including information obtained from staff at Good Samaritan Hospital, she had "reasonable and probable cause to believe that grounds exist for the issuance of a Search Warrant, based on the aforementioned facts, information and circumstances and prays that a Search Warrant be issued, . . ." Affidavit In Support of and Petition for Search Warrant, page 2.

When presented with the foregoing Affidavit In Support of and Petition for Search Warrant, the Fayette District Court concluded that probable cause existed for the issuance of the search warrant and issued the subject search warrant, which appears to be facially valid as it was issued based on the affidavit of the police officer requesting its issuance. Since petitioner's blood sample was taken pursuant to a facially valid warrant, the court concludes that petitioner's claim that his Fourth Amendment rights were violated by a blood sample being taken from him during the course of the execution of the ostensibly valid search warrant is without merit.

Plaintiff's claim that his conviction was obtained in violation of his Fourth Amendment rights in that the search warrant affidavit did not establish probable cause for the issuance of the search warrant was first raised in the trial court in a motion to suppress/exclude the evidence

obtained pursuant to the search warrant. The trial court denied the motion to suppress/exclude. Subsequently, petitioner revisited this same issue in his RCr 11.42 motion in the context of his Sixth Amendment claim that he had received ineffective assistance of counsel. The trial court also denied petitioner's RCr 11.42 motion, and the Kentucky Court of Appeals affirmed the denial of petitioner's RCr 11.42 motion.

This court concludes that the Kentucky Court of Appeals correctly analyzed petitioner's Fourth Amendment claim. Consequently, this court also concludes that petitioner has not established that the decision of the Kentucky Court of Appeals on this issue (a) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (b) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. For these reasons, the court further concludes that petitioner is not entitled to federal habeas relief on his Fourth Amendment claim.

### III. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 120 S. Ct. at 1604.

For all of the reasons stated above, the federal habeas court concludes that petitioner has not made a "substantial showing" that his Fourth Amendment rights were violated by the collection of a blood sample from him. This conclusion is based on the fact that the Fayette District Court, after having considered an application for a search/seizure warrant accompanied by an affidavit from the requesting police officer, issued a search/seizure warrant that authorized the seizure of bodily fluids from the petitioner, and the blood sample in question was obtained from petitioner pursuant to that facially valid warrant. The court believes that its determination that petitioner has not made a "substantial showing" as to any claimed denial of rights is not debatable. As such, petitioner is not entitled to a Certificate of Appealability.

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Petitioner's habeas petition [DE #1] is **DENIED** and that this action be **DISMISSED** and **STRICKEN** from the docket; and,

(2) No Certificate of Appealability shall issue.

This the 30th day of June, 2010.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge